IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:14-CV-66-FL

| | |
|---|---|
| EMMANUEL JEROME GARDNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| LENOIR COUNTY SHERIFF'S OFFICE, ) | |
| CHRISTOPHER A. ROGERSON, ) | |
| MAGISTRATE SHANTE M. GREEN, and ) | |
| MAGISTRATE K. C. JONES, ) | |
| ) | |
| Defendants. ) | |

This pro se case, brought by plaintiff Emmanuel Jerome Gardner ("plaintiff"), an inmate, is before the court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). It was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).[1] For the reasons set forth below, it will be recommended that this case be dismissed.

## I. BACKGROUND

### A. Plaintiff's Allegations

Plaintiff's allegations are set forth in a four-page complaint form (Compl. (D.E. 1)) completed in handwriting supplemented by six handwritten pages entitled "Complaint" (Supp. Compl. (D.E. 1-1)) filed with the complaint form. Plaintiff names as defendants: (1) the Lenoir County Sheriff's Office ("LCSO"); (2) Christopher A. Rogerson ("Rogerson"), an attorney; and (3) Lenoir County Magistrates Shante M. Green ("Magistrate Green") and K.C. Jones ("Magistrate Jones"). (Compl. 1).

In his complaint and supplemental complaint, plaintiff alleges as follows:

---

[1] Given plaintiff's status as an inmate, the court previously ordered that filing fees be withdrawn from his trust fund account pursuant to 28 U.S.C. § 1915(b). (*See* D.E. 6).

On 2 January 2014, Sheriff Allen Seymour[2] ("Seymour") of the LCSO executed a search warrant at plaintiff's residence. (Supp. Compl. ¶ 1). The search warrant, issued by Magistrate Green, authorized officers to seize: Newport cigarettes or Newport cigarette packaging; Black and Mild cigars or cigar packaging; narcotics; a gray-colored sweatshirt with a hood; light gray pants with a stripe down the side; white sneakers; a dark-colored face mask; white gloves; blue or dark-colored gloves; a handgun; handgun ammunition; blue or dark-colored coveralls; and white shoes. (*Id.* ¶ 2). Seymour was unable to find any of the listed items in the residence. (*Id.* ¶ 3). Seymour then "took it upon himself to steal" a Motorola Android cell phone, a black and gray coat, and several other items. (*Id.*). Seymour subsequently arrested plaintiff and charged him with two counts of robbery with a dangerous weapon, in purported violation of N.C. Gen. Stat. § 14-87; one count of second-degree kidnapping, in purported violation of N.C. Gen. Stat. § 14-39; and one count of attempted first-degree murder, in purported violation of N.C. Gen. Stat. § 14-17. (*Id.* ¶ 4). Plaintiff was later brought before Magistrate Green, who set bail at $1,000,000 secured. (*Id.* ¶ 5).

The following day, 3 January 2014, Judge Les Turner appointed Rogerson to represent plaintiff on these charges. (*Id.* ¶ 6). On 24 January 2014, plaintiff was charged with an additional charge of conspiracy to commit robbery with a dangerous weapon, in purported violation of N.C. Gen. Stat. § 14-87. (*Id.* ¶ 7). This charge arose from the same incident underlying the earlier charge of robbery with a dangerous weapon. (*Id.*). Magistrate Jones imposed an additional $750,000 in bail for the conspiracy charge. (*Id.*). Plaintiff contends that

---

[2] It is unclear from plaintiff's allegations whether Seymour is the sheriff or a deputy sheriff because plaintiff also refers to Chris Hill as sheriff in his supplemental complaint. (Supp. Compl. ¶ 10).

conspiracy to commit robbery with a dangerous weapon and attempted first-degree murder are not violations of N.C. Gen. Stat. § 14-87 or § 14-17.[3] (*Id.* ¶ 14).

Rogerson did not accept calls from the Lenoir County Detention Center where plaintiff was housed, and plaintiff therefore attempted to contact him by letter on 26 January 2014. (*Id.* ¶ 8). In the letter, plaintiff requested that Rogerson inform him of the offenses he allegedly committed, send him a copy of the respective statutes, and file a motion for discovery on his behalf. (*Id.*). On 27 January 2014, Judge Turner reappointed Rogerson to continue representing plaintiff, even though plaintiff requested to have different counsel. (*Id.* ¶ 9). Rogerson visited plaintiff at the detention center on 28 January 2014 at the request of Judge Turner. (*Id.* ¶ 10). Rogerson informed plaintiff that he would send him a copy of the statutes he allegedly violated and would file a motion with the court for the appointment of a private investigator. (*Id.*).

On 28 January 2014, plaintiff filed an administrative complaint with Sheriff Chris Hill ("Hill") against Seymour for the property that Seymour allegedly took unlawfully from plaintiff's residence. (*Id.*). On 4 March 2014, plaintiff received an undated and unsigned denial of his administrative complaint. (*Id.* ¶ 11). On 9 March 2014, plaintiff wrote to Hill requesting that he reconsider the denial. (*Id.* ¶ 12). Plaintiff received a second denial on 24 March 2014 signed by Major Ryan Dawson. (*Id.* ¶ 13).

B.  **Plaintiff's Claims**

Plaintiff, alleging federal question jurisdiction under 28 U.S.C. § 1331, claims defendants deprived him of rights he has under the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. (*Id.* at 1-2). He further alleges that they conspired to do so: "[they] are working in cohesion to deprive the Plaintiff of several of his constitutional rights." (*Id.* ¶ 14).

---

[3] Without deciding the accuracy of this allegation, the court notes that N.C. Gen. Stat. § 14-87(a) addresses robbery with firearms or other dangerous weapons and N.C. Gen. Stat. § 14-17(a) addresses first-degree murder.

Plaintiff seeks the following relief: (1) $10,000 in compensatory damages; (2) a court order directing LCSO to launch a full criminal investigation into Seymour's actions; (3) punitive damages; and (4) his release from house arrest while any state or federal charges are pending. (*Id.* at 6, Relief). Plaintiff also requests a trial by jury in this matter. (*Id.*).

## II. APPLICABLE LEGAL STANDARDS

### A. Frivolity Review

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336-37 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court

5

determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

B. **42 U.S.C. §§ 1983 and 1985 Claims**

Title 42 U.S.C. § 1983 ("§ 1983") provides a cause of action for alleged constitutional violations. To establish a claim under § 1983, a plaintiff must prove: "(1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law." *Williams v. Studivent*, No. 1:09CV414, 2012 WL 1230833, at *4 (M.D.N.C. 12 Apr. 2012) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To show that a defendant acted under the color of state law, "'[t]he person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615-16 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)).

Title 42 U.S.C. § 1985 ("§ 1985") provides a cause of action for conspiracy to interfere with certain otherwise federally protected rights. Section 1985(3) provides a claim specifically for conspiracies to deprive an individual of the equal protection of the law.

III. **ANALYSIS**

A. *Younger* **Abstention**

To the extent plaintiff's claims contest the legality of the criminal proceedings pending against him, the court finds that such claims are barred pursuant to principles of abstention established by *Younger v. Harris*, 401 U.S. 37 (1971).[4] *Younger* established the principle that

---

[4] Plaintiff does not allege that the criminal proceedings against him have been resolved, and the court therefore deems them not to have been. Even if the charges have been resolved, however, unless the claims were resolved in his favor, they would be subject to the bar established by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim relating to a conviction or sentence that has not been invalided is not cognizable

federal courts should not intervene in state court criminal, civil, and administrative proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). "*Younger* and 'its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Beam v. Tatum*, 299 Fed. Appx. 243, 245 (4th Cir. 2008) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Abstention is required where "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).

All three elements are met in this case. First, the allegations in plaintiff's complaint and supplemental complaint indicate that there is an ongoing state judicial proceeding, the state criminal prosecution against plaintiff, which was commenced prior to the instant case. Second, state criminal proceedings unquestionably implicate important state interests. *Ellenburg v. Henderson County Jail*, No. 1:14–cv–290–FDW, 2015 WL 2127229, at *3 (W.D.N.C. 6 May 2015) (abstaining from consideration of allegations in plaintiff's complaint regarding pending state criminal charges and allegations that plaintiff's speedy trial rights were being violated); *Grice v. Charlotte Mecklenburg Police Dep't,*, No. 3:15–cv–189–FDW, 2015 WL 2090629, at *2 (W.D.N.C. 5 May 2015) (dismissing complaint on frivolity review where plaintiff alleged violation of constitutional rights "because the state officials are requiring him to wear an ankle

---

under § 1983. *Id.* at 487 (emphasis original); *see also Green v. McClary*, No. 2:07-4160-TLW-TER, 2008 WL 4177307, at *3 (D.S.C. 28 Dec. 2007) ("Until the plaintiff's convictions or fines are set aside, any civil rights action based on the convictions and fines will be barred because of the holding in *Heck v. Humphrey*."), *rep. and recomm. adopted* by 2014 WL 4662428, at *1 (4 Sept. 2008); *Hays v. City of Gentry, Ark.*, No. 5:14–CV–05071, 2014 WL 2450732, at *2 (W.D. Ark.) ("[T]o the extent Plaintiff alleges his constitutional rights were violated by the issuance of the traffic citations, the fines/court costs assessed, and by various aspects of the proceedings against him, no § 1983 claims are cognizable" pursuant to *Heck v. Humphrey*), *rep. and recomm. adopted* by 2014 WL 2450732, at *1 (2 June 2014).

7

monitor with a tracking device in order to be released on bail pending trial on unspecified state criminal charges"); *Manteen-El v. Price*, No. 3:15–cv–58–FDW, 2015 WL 631382, at *2 (W.D.N.C. 12 Feb. 2015) (dismissing pursuant to *Younger* claims alleging wrongful detainer resulting from pending state criminal charges based on an illegal arrest); *Davenport v. Keith*, No. 2:14–CV–36–D, 2014 WL 5790970, at *1 (E.D.N.C. 6 Nov. 2014) ("The court abstains from exercising jurisdiction over plaintiff's claims against defendants concerning his ongoing state criminal case."). Third, plaintiff has an adequate state forum to pursue his constitutional and other claims. *Carter v. Archdale Police Dep't,* No. 1:13cv613, 2014 WL 791863, at *4 (M.D.N.C. 25 Feb. 2014) ("It is clear that [plaintiff] believes that the pending state criminal charges against him lack merit, but he must challenge the legitimacy of the charges against him in state criminal court and then, if necessary, pursue appropriate relief.").

The court concludes that plaintiff's claims challenging the criminal proceedings against him should be dismissed on the grounds of abstention under *Younger*.

### B.    Failure to State a Claim

Furthermore, to the extent that any of plaintiff's claims against defendants are not barred by principles of abstention pursuant to *Younger*, he has failed to state a claim upon which relief can be granted.

#### 1.    Conspiracy Claim against All Defendants

As noted, plaintiff asserts that all defendants were "working in cohesion to deprive [him] of several of his constitutional rights." (Supp. Compl. ¶ 14). He fails, however, to make any further allegations expressly addressing the alleged civil rights conspiracy. He does include in the same sentence alleging the civil rights conspiracy the allegation that the wrong statutes are cited in the charges against him for conspiracy to commit robbery with a dangerous weapon and

attempted first degree murder. (*See id.*). There are no allegations, though, showing how the purportedly erroneous citations relate to the alleged conspiracy.

The court concludes that plaintiff failed to "'nudge[ ] [this] claim[] across the line from conceivable to plausible'" as required to state a claim. *Wag More Dogs, Ltd. Liability Corp. v. Cozart*, 680 F.3d 359, 365 (4th Cir. 22 May 2012) (quoting *Twombly*, 550 U.S. at 570) (alteration of "nudge" in original); *see also Harris v. City of Virginia Beach, VA*, 11 Fed. Appx. 212, 215 (4th Cir. 2001) (affirming district court's dismissal of civil rights conspiracy claim on grounds, *e.g.*, that a plaintiff "'alleging unlawful intent in conspiracy claims under § 1985(3) or § 1983 [must] plead specific facts in a nonconclusory fashion to survive a motion to dismiss'") (quoting *Gooden v. Howard County, Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992)); *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) (upholding summary judgment dismissing § 1985(3) claim) (citing *Gooden*, 954 F.2d at 969-70)); *Cooper v. Lippa,* No. 3:11-cv-712, 2012 WL 1410077, at *6 (E.D. Va. 23 Apr. 2012) (dismissing civil rights conspiracy claim on grounds, *e.g.*, that such a claim pursuant to either § 1983 or § 1985(3) requires a plaintiff to "plead facts that would 'reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan'") (quoting *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996)). Plaintiff's civil rights conspiracy claim should accordingly be dismissed.

### 2. Claims against LCSO

Plaintiff cannot state a § 1983 claim against LCSO. A sheriff's department is not a proper defendant in a § 1983 action. *See James v. Lancaster Sheriff's Dep't*, No. 0:13-210-JFA-SVH, 2013 WL 3938962, at *1 (D.S.C. 30 July 2013) (dismissing claims against sheriff's department because it "is not a 'person' amenable to suit under 42 U.S.C. § 1983"); *Maraia v.*

*Buncombe County Sheriff's Dep't*, No. 1:12cv98, 2012 WL 5336955, at *2 (W.D.N.C. 2 Oct. 2012) ("North Carolina district courts have repeatedly held that a sheriff's department in North Carolina is not an entity capable of suit pursuant to Section 1983."). Any claims by plaintiff against LCSO should therefore be dismissed.

### 3. Claims for Wrongful Seizure of Property

Plaintiff cannot state a § 1983 claim for the alleged taking of property in the course of execution of the search not itemized in the search warrant. "While the Fourth Amendment requires particularity, there is no requirement that items seized match identically with those described in the warrant under pain of civil liability to the police force executing the warrant." *See El-Amin v. Johnson*, No. CCB–13–1316, 2014 WL 4385392, at *4 (D. Md. 2 Sept. 2014) ("[Plaintiff's] interpretation of what is a permissible seizure of property during the execution of a search warrant would place too great a burden on police officers and discourage efforts to obtain a warrant prior to a search.").

> To the extent plaintiff is seeking to recover the items seized, his claim again fails:
>
> The Supreme Court has made it clear that § 1983 is not intended to be used as a substitute for state tort law remedies. *Baker v. McCollan,* 443 U.S. 127, 146 (1979); *Wallace v. Chrysler Credit Corp.*, 743 F. Supp. 1228, 1236 (W.D. Va. 1990). The intentional or negligent deprivation of personal property by a police officer or prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, so long as the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

*Rush v. VanDevander*, Civ. Act. No. 7:08CV00053, 2008 WL 495651, at *4 (W.D. Va. 21 Feb. 2008); *see also Boyd v. City of Greensboro*, 477 Fed. Appx. 959, 960 (4th Cir. 2012) (affirming dismissal of plaintiff's claim that local police took his wallet, some documents, and $2,100 in cash without due process for failure to state a claim under 28 U.S.C. § 1915A(b)(1)); *Goldman v.*

*Brannon,* No. 5:11–CT–3051–FL, 2013 WL 5217771, at *9 (E.D.N.C. 17 Sept. 2013) ("To the extent plaintiff alleges that certain items of personal property seized pursuant to the search warrants were lost, confiscated or stolen by prison officials, a prisoner may not bring a federal claim for deprivation of property through the 'random and unauthorized' acts of government officers, whether negligent or intentional, when state law provides an adequate remedy." (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Smith v. Ledford*, No. 1:06CV152-03-MU, 2006 WL 1431666, at *2 (W.D.N.C. 22 May 2006) (dismissing for failure to state a claim plaintiff's claim for return of a watch, diamond ring, gold necklace, and $301 in cash seized from him when he entered the local jail). North Carolina has adequate post-deprivation remedies that are available to plaintiff. *See Boyd*, 477 Fed. Appx. at 960; *Goldman,* 2013 WL 5217771 at *9; *Smith*, 2006 WL 1431666, at *2 (citing N.C. Gen. Stat. §§ 143-291, et seq.).

Moreover, plaintiff did not name as defendants the two individuals he alleges were associated with the search—Seymour, who allegedly executed the search warrant, and Hill, who allegedly denied plaintiff's administrative complaint about the search. For this additional reason, any claim by plaintiff for exceeding the scope of the warrant or seeking return of the property seized should be dismissed.

### 4. Claims against Rogerson

To the extent plaintiff is asserting constitutional claims against Rogerson arising from his allegedly ineffective assistance, such claims fail. As an initial matter, "[a]n appointed criminal defense attorney does not act under color of state law when performing a lawyer's 'traditional functions as counsel to a defendant in criminal proceeding.'" *Gould v. Summey*, No. 2:14–CV–75–FL, 2015 WL 412832, at *2 (E.D.N.C. 30 Jan. 2015) (quoting *Polk County v. Dodson*, 454 U.S. 312. 325 (1981)); *see also Davis v. Reveley*, 439 Fed. Appx. 235, 235 (4th Cir. 2011)

11

(same). Further, plaintiff has not identified any conduct by Rogerson that would be actionable even if he could assert such claims. Plaintiff alleges only that Rogerson refused calls from the detention center, but otherwise responded to him. He has identified no other conduct by Rogerson aside from his conclusory allegation of a conspiracy, already found to be deficient. Any claims against Rogerson should accordingly be dismissed.

### 5. Claim against Magistrates Green and Jones

The only claim plaintiff asserts against Magistrates Green and Jones is the conspiracy claim. As discussed above, the facts alleged are insufficient to support that claim.

Notwithstanding the lack of supporting allegations for such claim, the actions of Magistrates Green and Jones are protected by judicial immunity. "The Supreme Court has held that judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983, under certain conditions." *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). "Essentially, a judge is entitled to absolute immunity if the judge acted in his judicial capacity and had jurisdiction over the subject matter." *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 549-50 (E.D.N.C. 2013) (citing *King*, 973 F.2d at 356-57); *see also In re Mills*, 287 Fed. Appx. 273, 279 (4th Cir. 2008) ("Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims." (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). "Accordingly, a plaintiff alleging [a] claim for money damages against a judge can overcome absolute judicial immunity only by showing (1) the judge's actions were taken outside of the judge's judicial capacity or (2) the judge acted in the complete absence of jurisdiction. *Dalenko*, 917 F. Supp. 2d at 550. "Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges." *King*, 973 F.2d at 356.

Apart from issuing the original search warrant and setting bond for plaintiff, no specific factual allegations are made against Magistrates Green and Jones. Under the facts alleged, both magistrates were acting within their jurisdiction as Lenoir County Magistrates and performing duties normal to the function of that office.

Accordingly, the court concludes that Magistrates Green and Jones are immune from plaintiff's claims. For this additional reason, any claims against them should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 1 June 2015 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this 18th day of May 2015.

_____
James E. Gates
United States Magistrate Judge