IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-66-FL

| | |
|---|---|
| EMMANUEL JEROME GARDNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LENOIR COUNTY SHERIFF'S OFFICE, )<br>CHRISTOPHER A. ROGERSON, )<br>MAGISTRATE SHANTE M. GREEN, and )<br>MAGISTRATE K. C. JONES, )<br>)<br>Defendants. | ORDER |

This matter is before the court on the memorandum and recommendation ("M&R") of Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint on frivolity review under 28 U.S.C. § 1915(e)(2)(B). No objections to the M&R have been filed and the time to do so has passed.[1] In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## DISCUSSION

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R.

---

[1] The court was notified on June 1, 2015 that the copy of the M&R served on plaintiff was returned as undeliverable. Plaintiff has not filed any notice of change of address. Under Local Rule 57.3, parties have a responsibility to promptly notify the court of a change of address. Failure to comply with Rule 57.3 may result in dismissal of the action or the imposition of such other relief that the court deems just and proper. As such, the court properly may address the M&R at this time.

Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed a pro se complaint on April 16, 2014, alleging that defendants conspired to violate his Fourth, Fifth, Sixth, and Eighth Amendment rights in the course of his prosecution. Plaintiff does not allege any specific statute that defendants violated, but 42 U.S.C. § 1983 ("§ 1983") provides a cause of action for alleged constitutional violations. Plaintiff seeks the following relief: (1) $10,000 in compensatory damages; (2) a court order directing the Lenoir County Sheriff's Office to launch a full criminal investigation into Sheriff Allen Seymour's actions; (3) punitive damages; and (4) his release from house arrest while any state or federal charges are pending.

The magistrate judge recommends dismissing the complaint pursuant to principles of abstention established by Younger v. Harris, 401 U.S. 37 (1971). The magistrate judge also recommends dismissing the complaint for failure to state a claim.

Finding no clear error, the court adopts the M&R. To the extent any State charges remain pending, principles of abstention counter against awarding injunctive relief. See Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006). To the extent plaintiff seeks damages for wrongful prosecution, such claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

In addition, plaintiff fails to state a claim against the Lenoir County Sheriff's Office because a sheriff's department is not amendable to suit under § 1983. See Parker v. Bladen Cnty., 583 F.Supp.2d 736, 740 (E.D.N.C. 2008). Plaintiff fails to state a claim against police officers he alleges stole personal items because plaintiff did not name the officers as defendants. Even if plaintiff had

2

named the officers as defendants, plaintiff does not allege facts suggesting that the officers exceeded the scope of their search warrant. See United States v. Srivastava, 540 F.3d 277, 289 (4th Cir. 2008). To the extent plaintiff seeks to recover the items seized, plaintiff must seek such remedy in state court. See Goldman v. Brannon, No. 5:11-CT-3051-FL, 2013 WL 5217771, at *9 (E.D.N.C. Sept. 17, 2013). Plaintiff fails to state a claim against defense attorney Christopher A. Rogerson, because Rogerson did not act under color of state law under § 1983. See Gould v. Summey, No. 2:14-CV-75-FL, 2015 WL 412832, at *2 (E.D.N.C. Jan. 30, 2015). Plaintiff fails to state a claim against Magistrates Green and Jones because both are protected by judicial immunity. See King v. Myers, 971 F.2d 354, 356-57 (4th Cir. 1992). Against all defendants, plaintiff fails to state a claim for conspiracy because he did not plead any specific, nonconclusory facts to support such a claim.

CONCLUSION

Upon careful review of the M&R and the record generally, the court ADOPTS the findings and recommendations of the magistrate judge. Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to close this case.

SO ORDERED, this the 22nd day of June, 2015.

LOUISE W. FLANAGAN
United States District Judge